IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| SHELLEY ANN TISCHLER, | Cause No. CV 07-173-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE |
| BILLINGS WOMEN'S PRISON, | |
| Defendant. | |

_____

On March 5, 2008, this Court issued an Order pointing out a number of deficiencies in Plaintiff's Complaint and First Amended Complaint and permitting Plaintiff to file a Second Amended Complaint.  On March 19, 2008, Plaintiff filed the form which the Court provided to her for filing a Second Amended Complaint.  Plaintiff failed, however, to cure the deficiencies explained by the Court's prior Order.  Specifically, Plaintiff failed to name a proper defendant and failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, the Court will recommend the dismissal of Plaintiff's claims.

**I. FAILURE TO NAME A PROPER DEFENDANT**

The Court's prior Order advised Plaintiff that she had failed to name a Defendant

who was not entitled to immunity.  Specifically, the Court explained, "Plaintiff's Complaint and Amended Complaint are currently subject to dismissal as Plaintiff has only named a state agency protected from liability for monetary damages by the Eleventh Amendment and she has not specifically plead prospective declaratory or injunctive relief." (Court's Doc. No. 7, p. 7).

Plaintiff did not cure this deficiency in her Second Amended Complaint.  First, she did not fill in the Defendant section of the Second Amended Complaint form.  Thus, the only named Defendant remains the "Billings Women's Prison," a state agency protected from liability by the Eleventh Amendment.  Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

Secondly, Plaintiff failed to specifically plead prospective declaratory or injunctive relief which the Court is able to grant.  In the relief section of the Second Amended Complaint form, Plaintiff wrote the following:  "I would like to sue Billings Women's Prison for $250,00.00.  I would like a prison transfer approved at the prison's cost or mine to Purdy-Washington State Women's Prison.  They have Jewish Worship and activities there, or I would like a transfer to Oregon Women's State Prison." (Court's Doc. No. 10, p. 5, ¶ IV).  The only injunctive relief requested by Plaintiff is a prison transfer to a state prison either in Washington or Oregon.  Plaintiff is a prisoner convicted under Montana law, incarcerated in a Montana penal facility.  The Court may not order her transfer to an out-of-state institution.  Plaintiff has no constitutional right to imprisonment in a particular prison.  White v. Lambert, 370 F.3d 1002, 1013 (9th Cir.

2004); Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

Moreover, the Prison Litigation Reform Act ("PLRA") limits the injunctive relief which can be granted in prisoner cases:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A); see also Armstrong v. Davis, 275 F.3d 849, 870 (9th Cir. 2001) (noting that in Lewis v. Casey, 518 U.S. 343, 359, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court reiterated "the longstanding maxim that injunctive relief against a state agency or official must be no broader than necessary to remedy the constitutional violation").

Even if there were a constitutional violation in this case, the appropriate remedy would not be to order the transfer of Plaintiff to an out of state institution.  The relief would have to be narrowly tailored to remedy Plaintiff's allegations of racial discrimination within the prison.  A transfer to a penal facility out of the state would not meet this requirement.

Accordingly, Plaintiff has failed to name a proper Defendant.

## II. FAILURE TO COMPLY WITH COURT ORDER

Plaintiff was also advised that her Complaint and First Amended Complaint were in violation of Rule 8 of the Federal Rules of Civil Procedure because they were not "a

short and plain statement" of Plaintiff's claims for relief.  In her Second Amended Complaint, Plaintiff simply referred the Court back to her original complaint.  This is insufficient.

Although the Court indicated that Plaintiff may be able to state a claim for racial discrimination, she had to "clarify what actions she believes were taken against her because she is Jewish and which defendants were responsible for these actions." (Court's Doc. No. 7, p. 10).  In the Statement of Claims section of the Second Amended Complaint Plaintiff stated, "The complaint is explained on pages 1 through 316.  This complaint is a combination of civil rights violations because I am Jewish.  It is also harassment and discrimination complaint.  If this isn't complete enough, could you refer to my complaint #1 for this section." (Court's Doc. No. 10, p. 4, ¶ IV(A)(1)).

The Court specifically instructed Plaintiff that her initial complaints were insufficient under Rule 8 and that she needed to provide a "short and plain statement" of her claims.  Plaintiff was also instructed that her Second Amended Complaint could not incorporate any part of her original Complaint by reference and that the Second Amended Complaint would operate as a complete substitute for (rather than a mere supplement to) her original complaints.  Plaintiff completely disregarded these instructions and referred the Court back to her original complaints.  Thus, she has failed to comply with the Court's Order.

A district court may strike a pleading if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," and the

Court has already issued an order for a more definite statement which order was not complied with.  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure and has failed to comply with the Court's Order.

Accordingly, the Court enters the following:

## RECOMMENDATION

1.  Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE** for failure to name a Defendant who is not protected by immunity and for failure to comply with the Court's Order to amend her complaints to comply with Rule 8 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith since Plaintiff failed to name a defendant who was not immune to suit after being given the opportunity to do so.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part,

the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT SHE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 24th day of March, 2008.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge