IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| SHELLEY ANN TISCHLER, | Cause No. CV 07-173-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANTS' MOTION TO DISMISS COMPLAINT |
| JO ACTON, Warden of Billings Women's Prison, et. al. | |
| Defendants. | |

_____

Plaintiff Tischler is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Tischler alleges that the staff at the Montana Women's Prison harassed her, mistreated her and discriminated against her because she is Jewish.

Currently pending is Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies. (Court's Doc. No. 22). Defendants contend Tischler did not complete the grievance process at the Montana Women's Prison and therefore failed to exhaust administrative remedies.

## I.  <u>Standard of Review</u>

The Ninth Circuit has ruled that, "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988)(per curiam)). The failure to exhaust administrative remedies "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." Ritza, 837 F.2d at 368-69.  In deciding such a motion to dismiss for failure to exhaust, "the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1120.  Where a fact dispute exists concerning whether the plaintiff exhausted administrative remedies, "the court has a broad discretion as to the method to be used in resolving the factual dispute." Ritza, 837 F.2d at 369 (quoting Moore's Federal Practice ¶ 56.03, at 56-61 (2d ed. 1987)).

In civil rights cases where a litigant is proceeding pro se, the court has an obligation to construe pro se documents liberally and to afford the

pro se litigant the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct 2197, 2200 (2007) (per curiam); Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir. 1988).

## II. <u>Analysis</u>

Defendants move to dismiss Tischler's claims because she failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The PLRA's exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). This exhaustion requirement is mandatory. Booth, 532 U.S. at 741. Because the PLRA is applicable, Tischler had to exhaust all available administrative remedies prior to filing this lawsuit.

According to the Affidavit of Charlotte Dolezal, the Montana Women's Prison (MWP) procedure on inmate grievances is set forth in MWP

Procedure No. 3.3.3.  (Court's Doc. No. 23-2, p. 2, ¶ 3).  This policy

provides four levels in the grievance process. (Court's Doc. No. 23-3, DOC

Policy No. 3.3.3).  First, the inmate must try informal resolution of her

complaint.  If that is unsuccessful, the inmate must file a formal grievance,

which is investigated and answered by Ms. Dolezal, the grievance

coordinator.  The policy then provides for two levels of appeal, to the

Warden and to the Director of the Department of Corrections.  (Court's

Doc. No. 23-3:  DOC Policy No. 3.3.3, pp. 2-5).

Ms. Dolezal testified Tischler typically files informal and formal

grievances but rarely filed grievance appeals to the Warden or to the

Director of the Department of Corrections.  (Court's Doc. No. 23-2, p. 2, ¶

5).  Ms. Dolezal searched the MWP grievance records and found Tischler

filed only one grievance appeal to Warden Acton.[1]  This grievance appeal

was filed in March 2008,[2] and was an appeal to Warden Jo Acton

---

[1]Tischler submitted with her Fourth Amended Complaint several grievances addressed to Warden Acton.  However, none were listed as appeals and she produced no appeals addressed to the Director of the Department of Corrections.

[2]Even if Tischler had fully exhausted this March 2008 appeal it would not change the result herein.  The PLRA requires exhaustion be completed prior to the filing of the Complaint.  Tischler's Complaint was filed December 28, 2007.  See McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

complaining that Tischler should be transferred to a prison in another

state.  (Court's Doc. No. 23-2, p. 2, ¶ 6).  Ms. Dolezal did not find any

appeals to the Director of the Department of Corrections.

The United States Supreme Court has clarified that, "[p]roper

exhaustion demands compliance with an agency's deadlines and other

critical procedural rules because no adjudicative system can function

effectively without imposing some orderly structure on the course of its

proceedings."  Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006).  The Court

held further that "[proper exhaustion] means  . . .  a prisoner must

complete the administrative review process in accordance with the

applicable procedural rules . . . as a precondition to bringing suit in federal

court."  Id.

On November 17, 2008, Tischler filed what was initially construed as

a response to Defendants' Motion.  (Court's Doc. No. 25).  It was not clear

that Tischler intended her November 17, 2008, filing to be a response to

Defendants' Motion.  Accordingly, the Court gave Tischler an opportunity

to file a supplemental response to Defendants' Motion.  Tischler was

specifically instructed she "must present evidence that she appealed the

denial of her grievances regarding her claims to the Director of the

Department of Corrections prior to December 20, 2007." (Court's Doc. No.

26, p. 3).  Instead of responding to Defendants' Motion, Tischler submitted

a Fourth Amended Complaint attaching over 300 pages of grievances and

other supporting documentation.  (Court's Doc. No. 27).

The Court has reviewed all the documents submitted by Tischler with

her Fourth Amended Complaint and her November 17, 2008, response.

Tischler has not produced any evidence of an appeal to the Director of the

Department of Corrections.

The Court finds, therefore, that Tischler did not properly complete

the grievance process prior to filing this lawsuit.  Dismissal is required

when a plaintiff does not timely exhaust administrative remedies.  42

U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

### III.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in the
district-court action . . . may proceed on appeal in forma
pauperis without further authorization, unless:
    (A) the district court – before or after the notice of
    appeal is filed – certifies that the appeal is not taken in

good faith or finds that the party is not otherwise entitled
to proceed in forma pauperis and states in writing its
reasons for the certification or finding....

Fed. R. App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it is not

taken in good faith." The good faith standard is an objective one. See

Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies

the "good faith" requirement if he or she seeks review of any issue that is

"not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)

(quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an

appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490

U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

"[T]o determine that an appeal is in good faith, a court need only find that

a reasonable person could suppose that the appeal has some merit."

Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Review of the record plainly reveals that there is no evidence

indicating that Tischler exhausted her administrative remedies. It would

be frivolous to seek review of the dismissal for failure to exhaust.

Tischler's failure to exhaust administrative remedies is so clear no reasonable person could suppose an appeal would have merit.  Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## RECOMMENDATION

1.  Defendants' Motion to Dismiss (Court's Doc. No. 22) should be **GRANTED** and Plaintiff's Amended Complaints (Court's Doc. Nos. 16 and 27) should be is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  Tischler's failure to exhaust administrative remedies is so clear no reasonable person could suppose an appeal would have merit.

4.  At all times during the pendency of this action, Tischler SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Tischler has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The

district judge may accept, reject, or modify, in whole or in part, the

Findings and Recommendation.  Failure to timely file written objections

may bar a de novo determination by the district judge and may waive the

right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153

(9th Cir. 1991).

This Recommendation is not an order that is immediately appealable

to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to

Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's

final judgment.

DATED this 10th day of February, 2009.


/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge